CALDERONE LINES, INC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. CI-64-11.     Decided December 4, 1964.

*Antonsanti, Ramírez, Torruellas, Segal & Latimer* for petitioner. *Donald R. Dexter* for the Manager of the State Insurance Fund.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On May 12, 1962, laborer León González González sustained an accident while working on the Isabel Segunda boat, owned by appellant, unloading some pipes and iron bars. In the employer's report the accident is described as follows: "While carrying a pipe in order to place it on the deck, he slipped and fell against the pipes of the ship, receiving a blow on the right side." On September 13, 1962, the Manager of the State Insurance Fund declared appellant an uninsured employer on the ground that the policy did not cover the risk of loading and unloading ships and vessels. On June 28, 1964, the Industrial Commission of Puerto Rico affirmed the decision of the Manager of the State Fund.

There is no question that appellant took out a policy under Code 7028, group 290, on "Exploitation or Operation

of Vessels," which "includes schooners, lighters, barges, tow-boats, ferryboats, private yachts, and fishing sail, motor or row boats used by owners or lessees." Both the Manager of the Fund and the Industrial Commission concluded that in order to be covered against the risk object of the accident, the employer should have taken out a policy under code 7309, group 300, on "Loading and Unloading of Ships" which "includes removal of merchandise from the piers in any manner whatsoever; the depositing, ordering, or re-classifying the same in adjacent warehouses, as well as the coal operations on the pier. It also includes work by crew members when performed in navigable waters of Puerto Rico." See "Manual of Classifications of Trades and Industries and of Insurance Rates in Force from July 1, 1961 to June 30, 1962" of the State Insurance Fund.

Appellant alleges that the accident described is covered by its policy on exploitation and operation of vessels, since its business consists in transporting passengers and only incidentally the task of loading and unloading merchandise. The evidence shows that 70 percent of appellant's business consists in the transportation of passengers and 30 percent in the transportation of merchandise. The load does not consist, as alleged by appellant, of small suitcases, bundles, or packages of the passengers, but of heavy load which has nothing to do with the transportation of passengers, as shown both by the documentary and photographic evidence and the oral testimony.

The law applicable to the case is § 25 of the Workmen's Accident Compensation Act, as amended by Act No. 96 of June 24, 1960—11 L.P.R.A. § 26 (pp. 101–03)—in that part which provides: "Under no circumstances shall a policy be issued to cover only a part of the operations of an employer and leaving other activities uninsured. All of the operations of the employer shall be covered by one sole policy; Provided, That in case the employer, at the time

of executing the policy, or of extending it, or of rendering his report on the wages paid, or submitting his payroll return, fails to include part of his operations, thus preventing proper assessment for insurance purposes, the Manager, however, may at any time assess and levy, and collect from him, additional premiums on those operations which he has failed to include, in the same manner as if they had been insured. Policies shall be issued on the basis of the total payroll of the activities of the employer, as shown from his accounting books, payrolls, registers, or other trustworthy documents. In case the employer is unable to produce accounting books, payrolls, registers, or other trustworthy documents, the total payroll shall, after the issuance of the policy or after the investigation of the employer, be computed on the basis of a reasonable estimate, according to the importance, nature, and volume of business of the employer. New operations not covered by the original policy shall be covered by notices subject to the approval of the Manager, or by extensions of policies."

The result is that when part of the tasks comprised in the employer's business is not comprised in the code enumeration and in the group of the Manual of Classifications, the employer is considered uninsured as to such tasks. The actuarial reason for this requirement is clear and obvious.

The decision entered by the Industrial Commission of Puerto Rico on June 28, 1963, affirming the previous decision of the State Insurance Fund entered on September 13, 1962, declaring appellant employer uninsured as respects the accident sustained by laborer León González González on May 12, 1962, will be affirmed.